UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN C. WEST,                                             Case No. 4:03-CV-47

       Plaintiff,                                         Hon. Richard Alan Enslen

v.

COMMISSIONER OF
SOCIAL SECURITY,
                                                                            **OPINION**
       Defendant.          /

      This matter is before the Court on Plaintiff Steven C. West's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of November 29, 2006, which recommended affirming the Commissioner's denial of Social Security disability benefits. The Commissioner has not responded to Plaintiff's Objections. The Court reviews the Report and Recommendation pursuant to 42 U.S.C. § 405(g), to determine whether the decision of the Commissioner is supported by substantial evidence and is otherwise in accordance with the law. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986); *see also Willbanks v. Sec'y of Health & Human Serv.*, 847 F.2d 301, 303 (6th Cir. 1988).

      The Commissioner, through her Administrative Law Judge ("ALJ"), found that Plaintiff suffered from multiple impairments, namely: (1) L4-L5 degenerative disc (without compression); (2) myofascial/musculoskeletal pain (chronic pain syndrome); and (3) adjustment disorder. The ALJ determined that these impairments, whether considered alone or in combination, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. Consequently, the ALJ found Plaintiff was not disabled within the

meaning of the Social Security Act because he could perform a significant number of jobs despite his limitations. Plaintiff's Objections appear to articulate two points of error.

## I.  PLAINTIFF'S SUBJECTIVE ALLEGATIONS

Plaintiff's first objection assigns error to the Report's finding that the ALJ's credibility determination was supported by substantial evidence and used the correct legal standards.[1] An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of the claimant when making a determination of disability. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003); 20 C.F.R.§ 404.1529(a). Further, the ALJ's credibility assessment must be accorded great weight and deference "particularly since the ALJ has the opportunity, which [the Court] do[es] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476 (*citing Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)).

Plaintiff avers that the medical record was misconstrued by the ALJ and this flawed analysis was in turn adopted by the Report. Plaintiff argues that contrary to the Report's finding there was

---

[1]The Sixth Circuit has established that a claimant's allegations of pain and limitation are evaluated according to the following standard, known as the *Duncan* standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citations omitted). Although Plaintiff states that he objects to the legal standards used, he has failed to make an argument on that point. Regardless, as expressed in the Report, the ALJ adhered to the *Duncan* standard when making this determination. This is evidenced by the ALJ's recitation of medical evidence which did not support Plaintiff's assertions of disabling pain and limitation. (Tr. 17.)

change in Plaintiff's treatment regimen,[2] Plaintiff did not stop his medications in March 2001, and there were some objective signs to support the allegations.  Plaintiff further argues the Report's finding that Plaintiff's physical activities (fixing meals, fishing, driving, cleaning, reading, lawn work, hiking, picnics, attending sporting events, watching televison, and going shopping) do not support his allegation of disability was in err because the Report failed to recognize that Plaintiff rarely does those activities or does them with difficulty.  (*See* Tr. 5, 19.)

The Court notes the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003).  In the present case, there is substantial evidence to support the ALJ's credibility determination.  Plaintiff does not dispute that he has not undergone physical therapy since May 2000 or that he only sees a family doctor and a chiropractor rather than a specialist.  (Tr. 17.)  Moreover, Plaintiff does not dispute the long list of objective signs, reliable indicators, and clinical findings listed by the ALJ,[3] but rather argues that certain diagnostic tests showed greater problems.

---

[2]Although Plaintiff claims to have received "a series of cervical facet joint injections and occipital nerve blocks" a review of the record shows that Plaintiff received cervical facet joint injections and he did not receive occipital nerve blocks.  (Tr. 226.)

[3]The ALJ observed:

There is a lack of objective signs, reliable indicators, and clinical findings.  Neurological examination is entirely normal.  Range of motion is good.  Strength, sensation, and reflexes are normal.  There is only occasional mild muscle spasm.  Gait and station are normal.  There is no instability or laxity and no atrophy . . . The claimant does not require assistance devices or appliances, and had no cane at the hearing.  He was able to sit throughout the hearing, and did

However, while these tests establish Plaintiff suffered from a medically determinable impairment,[4] they do not indicate the severity of the impairment.

In regards to the ALJ's assessment of Plaintiff's physical activities, the ALJ properly found Plaintiff's testimony at the administrative hearing contradicted his previous responses to a questionnaire completed less than three weeks prior. For example, in the questionnaire Plaintiff asserted he could hike, attend sporting events, and perform yard work. (Tr. 87-92.) However, his testimony suggested he could no longer do these thing at all. (Tr. 423, 426-27.) Plaintiff's argument that the ALJ failed to recognize these activities were rarely done or done in pain, does not detract from the substantial evidence which supports the ALJ's credibility determination. More aptly stated, the ALJ did not only consider what physical activities Plaintiff engaged in, but also that there were a multitude of inconsistencies between Plaintiff's testimony and his questionnaire responses, in addition to contradictions between his testimony and the testimony of his wife, mother, and daughter. (Tr. 17-18.) These inconsistencies, coupled with the fact Plaintiff could fish for three to four hours, drive, cook, and could occasionally do yard work and hike, led the ALJ to determine Plaintiff's allegations lacked credibility. (Tr. 17.) Therefore, the Court finds there exists substantial evidence to support the ALJ's credibility determination and Plaintiff's objection fails.

## II.    *POST HOC* RATIONALIZATION

Plaintiff argues the Report failed to address his argument that the ALJ did not clearly state his reasons for rejecting claimant's testimony as incredible and engaged in *post hoc* rationalization.

---

not get up until he was asked to leave the room for witness testimony.

(Tr. 17.)

[4]It is undisputed that Plaintiff suffered from a medically determinable impairment. (*See* Tr. 21.)

4

The Court finds this argument lacks merit. As evidenced by the Court's discussion *supra* regarding the ALJ's credibility determination, such a determination was supported by ample reasons and facts in the decision. Further, Plaintiff's argument the ALJ failed to support her assertion that "[t]here is a lack of objective signs, reliable indicators, and clinical findings" is misleading. In fact, this sentence is followed by a lengthy paragraph detailing the contradicting medical observations from the record and the ALJ's own observations which fail to substantiate Plaintiff's subjective allegations of pain.[5] Therefore, the Court finds that the ALJ adequately stated in the record the reasons for her credibility assessment.

## III.    CONCLUSION

Since the Commissioner's decision is supported by substantial evidence and is otherwise in accordance with the law, the Court will deny Plaintiff's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation. The Commissioner's decision to deny disability benefits is affirmed. A Judgment consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 26, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[5]This paragraph is quoted, *supra* at n.3.